UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SANDY MENDOZA, | § | |
| | § | |
| PLAINTIFF | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:17-cv-576 |
| | § | |
| AJY INVESTMENT CORP. AND | § | |
| JAEJIN KIM, INDIVIDUALLY, | § | |
| | § | |
| DEFENDANTS | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Sandy Mendoza sues Defendants AJY Investment Corp. and Jaejin Kim, Individually ("Defendants") and in support thereof would show as follows:

### I. PRELIMINARY STATEMENT

1.1   This is an action for unpaid overtime wages brought pursuant to the Fair Labor Standards Act ("FLSA"). Defendants sell cellular phones and cellular service plans. Sandy Mendoza worked as a sales representative for Defendants.

1.2   Sandy Mendoza started working for Defendants in December 2015 and was employed until January 2017.

1.3   Sandy Mendoza brings this lawsuit to recover overtime compensation, liquidated damages, attorney's fees, litigation costs, costs of court, and pre-judgment and post-judgment interest under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").

1.4   During the three years prior to the filing of this Complaint, Defendants willfully committed

violations of the FLSA by failing to pay their employees, including Sandy Mendoza, for overtime hours worked in excess of forty hours per week at a rate of one and one-half times their regular rate of pay.

## II. JURISDICTION AND VENUE

2.1     The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").  Jurisdiction is further conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337.

2.2     The Court has personal jurisdiction over Defendant AJY Investment Corp. because this entity conducts business in Texas and has entered into relationships with Sandy Mendoza in Texas, and committed actions in Texas that give rise to this cause of action.

2.3     Venue is proper in the Northern District of Texas, Dallas Division, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

## III.     PARTIES

**A.     Plaintiff**

3.1     Sandy Mendoza is an individual residing in Dallas County, Texas.

**B.     Defendants**

3.2     Defendant AJY Investment Corp. is a domestic corporation formed and existing under the laws of the State of Texas and maintains and operates its principal office within this judicial district.

3.3     Defendant AJY Investment Corp. was an employer of Sandy Mendoza as defined by 29 U.S.C. §203(d).

3.4     Defendant AJY Investment Corp. can be served with process by serving its registered agent

for service of process, Jaejin Kim at 2625 Old Denton Road, Suite 413, Carrollton, Texas 75007.

3.5     Defendant Jaejin Kim is an individual who resides in Dallas County, Texas.

3.6     At all times relevant to this claim, Jaejin Kim acted directly or indirectly in the interest of Defendant AJY Investment Corp. in relation to Sandy Mendoza's employment.

3.7     At all times relevant to this claim, Jaejin Kim was substantially in control of the terms and conditions of Sandy Mendoza's work.

3.8     Defendant Jaejin Kim was an employer of Sandy Mendoza as defined by 29 U.S.C. §203(d). Jaejin Kim may be served with process at 2625 Old Denton Road, Suite 413, Carrollton, Texas 75007.

## IV.     FLSA COVERAGE

4.1     For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

4.2     At all relevant times, Defendant AJY Investment Corp. had gross operating revenue in excess of $500,000.00.

4.3     At all relevant times, Defendant AJY Investment Corp. has been, and continues to be, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

4.4     At all relevant times, Defendants employed "employees", including Sandy Mendoza, within the meaning of the FLSA, 29 U.S.C. § 203.

4.5     At all relevant times, Defendants employed two or more persons in interstate commerce.

4.6     At all relevant times, Defendant AJY Investment Corp. has been an "enterprise" engaged in commerce as defined in 29 U.S.C. § 203.

4.7     At all relevant times, Sandy Mendoza was individually engaged in interstate commerce or

in the production of goods for commerce while performing her job duties for Defendants.

4.8     At all relevant times, Defendants have been subject to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

## V.     FACTUAL ALLEGATIONS

5.1     Defendants are in the business of celling cellular phones and cellular service plans. Sandy Mendoza worked for Defendants as a sales representative.

5.2     Defendants employed Sandy Mendoza from December 2015 to January 2017.

5.3     Defendants maintained control, oversight, and direction over their operations, including employment practices.

5.4     Defendants maintained and exercised the power to hire, fire, and discipline Sandy Mendoza during her employment with Defendants.

5.5     Sandy Mendoza was required to comply with Defendants' policies and procedures in performing Sandy Mendoza's work during her employment with Defendants.

5.6     As the Director of Defendant AJY Investment Corp., Jaejin Kim independently exercised control over the work performed by Sandy Mendoza.

5.7     Jaejin Kim is responsible for running the day-to-day operations of AJY Investment Corp.

5.8     Jaejin Kim, acting directly in the interest of AJY Investment Corp., determined the wages to be paid to Sandy Mendoza.

5.9     Jaejin Kim, acting directly in the interest of AJY Investment Corp., determined the work to be performed by Sandy Mendoza and monitored and directed Sandy Mendoza's work on a regular basis.

5.10    Jaejin Kim, acting directly in the interest of AJY Investment Corp., determined Sandy Mendoza's hours.

5.11     Jaejin Kim, acting directly in the interest of AJY Investment Corp., determined Sandy Mendoza's conditions of employment.

5.12     Jaejin Kim, acting directly in the interest of AJY Investment Corp., maintained employment records on Sandy Mendoza.

5.13     Jaejin Kim, acting directly in the interest of AJY Investment Corp., possessed and, in fact, exercised the power to hire, fire and discipline Sandy Mendoza.

5.14     Sandy Mendoza was a non-exempt employee under the FLSA.

5.15     Sandy Mendoza was paid on an hourly basis.

5.16     Sandy Mendoza consistently worked in excess of forty hours per week.

5.17     Defendants did not track Sandy Mendoza's time.

5.18     Although Sandy Mendoza consistently worked more than forty hours per week, Sandy Mendoza was not paid overtime compensation for any hours worked over forty per week.

## VI.     CAUSE OF ACTION:  VIOLATION OF THE FLSA

### Failure to Pay Overtime Wages

6.1     Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully set forth herein.

6.2     As a non-exempt employee under the FLSA, if Sandy Mendoza worked over forty hours in a workweek, Sandy Mendoza was entitled to overtime pay for these hours.

6.3     Over the course of the relevant period, Sandy Mendoza routinely worked in excess of forty hours per week.  Even though she worked in excess of forty hours per week, Defendants failed to pay Sandy Mendoza overtime pay for any hours worked in excess of forty per week.

6.4     Defendants have violated 29 U.S.C. § 201 *et seq*. by failing to pay Sandy Mendoza overtime compensation for all hours worked over forty per workweek.

6.5    In further violation of the FLSA, Defendants have failed to maintain accurate employee pay records, including the number of hours worked per workweek by Sandy Mendoza.

6.6    No excuse, legal justification or exemption excuses Defendants' failure to pay Sandy Mendoza overtime compensation for hours worked over forty in a workweek.

6.7    Defendants have failed to make a good faith effort to comply with the FLSA. Instead, Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation. Sandy Mendoza is entitled to liquidated damages for such conduct.

6.8    Sandy Mendoza seeks all unpaid overtime compensation and an additional equal amount as liquidated damages, as well as reasonable attorney's fees, costs, and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Sandy Mendoza respectfully prays that Defendants AJY Investment Corp. and Jaejin Kim, Individually, be cited to appear, and that, upon trial of this matter, Sandy Mendoza recover the following, jointly and severally, against Defendants:

   a.   Actual damages for the full amount of Sandy Mendoza's unpaid overtime compensation;

   b.   Liquidated damages in an amount equal to Sandy Mendoza's unpaid overtime compensation;

   c.   Reasonable attorney's fees, costs and expenses of this action, including expert witness costs, as provided by the FLSA;

   d.   Pre-judgment and post-judgment interest at the highest rates allowed by law; and

   e.   Such other and further relief, at law or in equity, as this Honorable Court may find

proper.

                        Respectfully submitted,

                        <u>/s/ Douglas B. Welmaker</u>
                        Douglas B. Welmaker
                        Attorney-in-Charge
                        State Bar No. 00788641
                        DUNHAM & JONES, P.C.
                        1800 Guadalupe Street
                        Austin, Texas 78701
                        Tel: (512) 777-7777
                        Fax: (512) 340-4051
                        E-Mail: doug@dunhamlaw.com

                        **Scotty Jones**
                        State Bar No. 00796848
                        DUNHAM & JONES, P.C.
                        1110 E. Weatherford Street
                        Fort Worth, TX 76102
                        Tel: (817) 339-1185
                        Fax: (817) 810-0050
                        E-mail: sjones@dunhamlaw.com

                        ATTORNEYS FOR PLAINTIFF